UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD J. PHILLIPS and GEORG-ANNE PHILLIPS,<br><br>                           Plaintiffs,<br>and<br><br>LEROY HAEGER, KORI D. HALEY, et al.,<br><br>                Intervening Plaintiffs,<br>   vs.<br><br>GOODYEAR TIRE & RUBBER CO.,<br><br>                         Defendant. | CIV. NO. 02-1642B (NLS)<br><br>ORDER (1) GRANTING MOTION TO INTERVENE; (2) SETTING BRIEFING SCHEDULE ON MOTION TO MODIFY PROTECTIVE ORDER; AND (3) REFERRING  REQUEST FOR CONTEMPT TO MAGISTRATE JUDGE FOR FINDINGS<br><br>[Docket Nos. 26, 27, & 35] |

      This Court referred the Intervening Parties' motion to intervene and modify the Protective Order to the Honorable Nita L. Stormes for a Report and Recommendation (R&R).  28 U.S.C. § 636(b)(1).  The Magistrate Judge recommends that the Court grant the motion to intervene.  The parties were permitted to file objections to the R&R, but none have been filed.  The Court adopts the R&R and grants the motion to intervene.  Once the motion to modify the Protective Order is fully briefed, the Court asks the Magistrate Judge to prepare an R&R on that matter, as well as the request for contempt.

<u>Background</u>

      In 2002, Plaintiffs Harold and Georg-Anne Phillips filed this tort action against Defendant Goodyear Tire and Rubber Company.  They alleged personal injuries from an accident in their motor home when a tire's tread separated and they lost control of the

vehicle. The Phillips alleged the tires were defective and that Goodyear knew this model tire was not safe for motor homes. Goodyear answered the complaint and the parties proceeded to discovery.[1]

In June 2003, Plaintiffs deposed a Goodyear employee, Kim Cox in Ohio. The parties did not complete the deposition because they decided to proceed to mediation to try to settle the case. The court reporter had her stenographer's notes of the incomplete deposition, but never made a transcript.

A few days later, the parties stipulated to a Protective Order. [# 22] Allegedly, Goodyear designated that Cox's deposition be treated as "confidential." By the terms of the Protective Order, the attorney for the Phillips', Guy Ricciardulli, was prohibited from communicating in any manner the information contained in designated documents because the information was solely for use in this case. Protective Order ¶ 2 ("Said documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than" those specified in this case). Deposition testimony was included. *Id.* ¶ 3.

The mediation was successful and the case was dismissed in September 2003.

The parties' attorneys contacted the court reporter in Ohio and asked her to send her "original and all copies of [her] notes and transcription" of the Cox deposition to Goodyear's attorney (John McCormick) for destruction. McCormick Decl. Ex. B. The court reporter complied and sent the notes and exhibits of the deposition to McCormick. She confirmed that it had not been transcribed. *Id.* McCormick destroyed the reporter's notes.

<u>The Intervening Parties' Litigation against Goodyear</u>

Several families have similar lawsuits against Goodyear in other courts.[2] These plaintiffs have joined together to either obtain any notes from Cox's deposition or to depose the attendees at the Cox deposition without an objection based upon the Protective Order.

The Intervening Parties filed this motion to intervene into the closed *Phillips* case so

---

[1] Later, the Court permitted Plaintiffs' insurance carrier to intervene.

[2] The moving parties include Leroy Haeger (D. Arizona), Kori Haley (Arizona state court), Margaret Bogaert (Arizona state court), Billy Woods (Alabama state court), Joseph Anton (S.D. Texas), and John Schalmo (Florida state court).

1  that they can then take the second step of moving to modify the Protective Order to permit
2  inquiry into the Cox deposition.[3] The Intervening Parties' motion triggered Goodyear to file
3  its own motion to issue an order to show cause ("OSC") why Ricciardulli should not be held
4  in contempt for violating the Protective Order.

Discussion

I. Motion to Intervene

The Court has read the pleadings and has considered the applicable case law. *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983) ("The district court must decide for itself whether the magistrate's report is correct."). The Ninth Circuit permits a third party to use Rule 24 as a mechanism to intervene in order to seek the modification of a protective order or otherwise seek access to judicial records in civil cases. Fed. R. Civ. P. 24; *San Jose Mercury News, Inc. v. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *Beckman Inds., Inc. v. International Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992). Rule 24(b) permits permissive intervention for this purpose when there is a common question of law or fact and the intervention will not prejudice or delay the action. As Magistrate Judge Stormes correctly noted, the *Phillips* case is closed so delay is not an issue. Moreover, the Magistrate Judge correctly found common facts because the same tire model is alleged to be defective when used on motor homes. The Court adopts the R&R in full.

II. Motion to Modify Protective Order

The Intervening Parties move to modify the Protective Order.[4] Goodyear has not filed a responsive brief to this second step.

The Court confirms its prior order to refer this part of the motion to the Magistrate Judge for an R&R.

---

[3] In their respective actions, the Intervening Parties moved to depose Cox, Ricciardulli, McCormick, the court reporter, and another Goodyear lawyer. For example, in the *Haeger* action pending in the District of Arizona, Goodyear moved to quash McCormick's notice of deposition, but Judge Silver denied the motion. Judge Silver instructed Plaintiffs that if they wanted to ask questions about what was said in the Cox deposition, then they must seek relief from this Court's Protective Order. (July 2, 2007 Order, 05-cv-2046).

[4] The Protective Order can be modified in the interest of justice. [#22 ¶ 15] The Court retained jurisdiction to enforce the Protective Order. [# 22 ¶ 13]

III. <u>Goodyear's Request for OSC for Contempt</u>

Goodyear filed a motion requesting a civil contempt finding against Ricciardulli for revealing the substance of the Cox deposition testimony to the Intervening Parties. *Jones v. J.C. Penney's Dept. Stores, Inc.*, 228 F.R.D. 190, 198 (W.D.N.Y. 2005); Fed. R. Civ. P. 37(b)(2)(D); Civil Local R. 83.1(a). Goodyear also seeks to enjoin any further violations.

Under 28 U.S.C. § 636(e), the Magistrate Judge can certify the facts which may constitute contempt, and, if appropriate, issue an order that Ricciardulli appear before the district judge to show cause why he should not be adjudged in contempt. *In re Kitterman*, 696 F.Supp. 1366 (D. Nev. 1988). Accordingly, the Court refers the Defendant's request for an OSC to Magistrate Judge Stormes for an R&R as to whether Ricciardulli violated the Protective Order. The Recommendation may include other appropriate sanctions such as those available under Rules 11 and 37. *Grimes v. City and County of San Francisco*, 951 F.2d 236 (9th Cir 1991) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).

## CONCLUSION

Having reviewed the record and applicable law, the Court adopts the Report and Recommendation regarding the Motion to Intervene. The Court grants the motion by Leroy Haeger, Kori D. Haley, Margaret Rose Bogaert, Billy Wayne Woods, Joseph Anton, and John H. Schalmo to intervene as plaintiffs. [# 27-1] Pursuant to the Court's July 3, 2007 Order, the Court confirms the referral of the Intervening Parties' Motion to Modify the Protective Order to Magistrate Judge Stormes. [# 27-2] Goodyear shall file its opposition brief on that issue on or before **November 16, 2007**. Plaintiffs may file a reply brief on or before **November 28, 2007**. The Court also refers Defendant's Motion for an Order to Show Cause to Magistrate Judge Stormes for a Report and Recommendation. [# 26]

IT IS SO ORDERED.

DATED: October 31, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

cc:  All Parties (including Intervening Plaintiffs)
     Magistrate Judge Stormes