UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD J. PHILLIPS and GEORG-ANNE PHILLIPS,<br><br>  Plaintiffs,<br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, et al.,<br><br>  Defendants. | Civil No.02cv1642-B (NLS)<br><br>**REPORT & RECOMMENDATION RE: DEFENDANT'S MOTION FOR THE ISSUANCE OF AN ORDER TO SHOW CAUSE AS TO WHY PLAINTIFFS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER**<br><br>[Doc. No. 26] |

Before the Court is Defendant Goodyear Tire & Rubber Company's ("Goodyear") Motion for Issuance of An Order to Show Cause As to Why Plaintiffs' Counsel Guy Ricciardulli Should Not Be Found in Contempt for Violation of Protective Order and For Injunction Prohibiting Further Disclosure [Doc. No. 26]. On October 31, 2007, presiding District Judge Rudi M. Brewster referred Goodyear's motion to the undersigned Magistrate Judge for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(e).[1] (*See October 31, 2007 Order Adopting Report and Recommendation*, Doc. No. 39, 4). Having reviewed the pleadings and supporting documents, as well as the oral argument of counsel, the Court **RECOMMENDS** that Defendant's Motion [Doc. No. 26] be **DENIED**.

/ / /

/ / /

---

[1] The undersigned may certify the facts which may constitute contempt, and, if appropriate, issue an order that Ricciardulli appear before the district judge to show cause why he should not be adjudged in contempt. *See, e.g. In re Kitterman*, 696 F.Supp. 1366 (D. Nev. 1988).

**PROCEDURAL BACKGROUND**

This case originated as a product liability action, filed in June 2002 by Plaintiffs Harold and Georg-Anne Phillips against Goodyear. Plaintiffs alleged that Goodyear's G159 275/70R/22.5 tire (the "G159 tire") was defective in design and/or manufacturing and unsafe when used for its intended purpose after a tire on their motor home experienced tread/belt separation, causing them to lose control of their vehicle, collide with an adjacent embankment, and sustain serious bodily injury and property damage. (*Complaint* ¶¶ 10-15.) Subsequent to the commencement of discovery and the entry of a stipulated Protective Order [Doc. No. 22], the case settled and the parties agreed to dismiss the action with prejudice [Doc. No. 24].

Almost four years later, Goodyear discovered that Plaintiffs' attorney in this case, Guy Ricciardulli, had spoken with an Arizona attorney, Timothy Casey, who represented clients suing Goodyear in collateral litigation involving the allegedly defective G159 tire. (*Goodyear's Motion*, 4-5.) During conversations between the two attorneys, Ricciardulli communicated to Casey the substance of deposition testimony taken from Goodyear employee Kim Cox during the brief discovery period that preceded this case's settlement. (*Id*., Ex. "D" ¶ 6.) In the belief that Ricciardulli violated this Court's Protective Order by revealing the contents of Cox's deposition testimony, Goodyear filed the instant motion on June 22, 2007, seeking an order to show cause why Ricciardulli should not be found in contempt of this Court and enjoined from further violating the Protective Order [Doc. No. 26].

On June 28, 2007, attorney Casey, representing his clients in collateral litigation against Goodyear, filed a Motion to Intervene in this case for the limited purpose of asking the Court to modify the stipulated Protective Order so his clients could conduct discovery regarding Cox's deposition testimony in this case [Doc. No. 27]. Over Goodyear's opposition, this Court recommended that presiding District Judge Rudi M. Brewster grant the motion to intervene so that the Court could determine whether the Protective Order should be modified [Doc. No. 35]. On October 31, 2007, Judge Brewster adopted the recommendation and allowed the intervention [Doc. No. 39]. On January 28, 2008, this Court denied Intervenors' motion to modify the Protective Order as moot [Doc. No. 65], finding that the deposition testimony at issue did not contain confidential information and was not subject to the terms of the Protective Order.

**FACTUAL BACKGROUND**

In their role as plaintiffs involved in discovery in collateral litigation around the country, Intervenors allege that Goodyear's G159 tire is defective when used on Class A motor homes and that they have suffered property damage and, in some cases, extensive personal injury and death of family members, as a result of accidents caused by the tires. (*See Intervenors' Motion to Modify Court's Protective Order Entered June 13, 2003*, Exhibits 2-7.) During the course of gathering information and evidence for potential use in one of these collateral cases, Intervenors' counsel Tim Casey contacted Guy Ricciardulli regarding the Phillips' experience with Goodyear in their 2002-2003 litigation. (*Intervenors' Motion,* Ex "8," *Affidavit of Timothy J. Casey, Esq.* (*"Casey Affidavit"*) ¶¶ 3-5.) Ricciardulli informed Casey that the Phillips' case involved the same tire and alleged defect at issue in Casey's clients' litigation. (*Id*. ¶ 6(a).) On May 24, 2007 and several dates soon thereafter, Casey and Ricciardulli spoke telephonically regarding the Phillips' case, and in particular, the June 20, 2003 deposition of Goodyear employee Kim Cox. (*Id*. ¶ 5.) As a result of his conversations with Ricciardulli, Casey believed he had found the proverbial "smoking gun" evidence against Goodyear, that is, Cox' apparent admission of a defect in the G159 tire.

Specifically, Ricciardulli told Casey that on June 20, 2003 in Akron, Ohio, he was present at the deposition of Cox, a Goodyear employee from the in-house liability claims team, who admitted under oath that "there was a defect in the G159 when used on a motor home," and "that they [i.e., Goodyear] had a problem and paid the claim." (*Id*. ¶¶ 6(c)-(f).) Ricciardulli recalled that as part of the settlement reached with Goodyear, he stipulated to having the court reporters' notes/recordings of the deposition returned to Goodyear's counsel. (*Id*. ¶ 6(h).) Subsequent to his conversations with Ricciardulli, Casey confirmed with the court reporting service in Ohio that Cox was deposed on June 20, 2003, that the deposition was never transcribed, that all other noticed depositions in the case had been cancelled, and that the notes of the Cox deposition had been forwarded to Goodyear's counsel on October 1, 2003 for "destruction." (*Id*. ¶¶ 7-9.)

In an effort to confirm Cox's June 2003 deposition testimony without a transcript or court reporter's notes of that testimony, Intervenors issued deposition notices and subpoenas in their collateral litigation for Goodyear's counsel who defended the Cox deposition, the court reporters who handled the

Cox deposition, and Cox. (*Intervenors' Motion to Modify*, 12-14.) In at least one of these collateral cases, currently pending in the District of Arizona, Goodyear moved to quash the deposition notices and subpoenas, arguing that Cox's deposition testimony is confidential, protected by this Court's June 13, 2003 Protective Order, and therefore not discoverable in collateral cases. The presiding District Judge in the Arizona case ruled that the depositions could go forward, but also found that this Court's June 13, 2003 Protective Order limited what could be discussed during the depositions. Specifically, the Arizona District Judge ordered that

> "[n]o individuals may be asked questions or testify regarding what was said in the Phillips depositions. . .if Plaintiffs wish to refresh the individuals' recollection or impeach them with prior deposition testimony, they will need to seek relief from the Protective Order in the United States Court for the Southern District of California."

(*See July 2, 2007 Order of the District Court of Arizona, Hon. Roslyn O. Silver presiding*, Doc. No. 266, Civil No. 05-2046-PHX-ROS.)

That is exactly what Intervenors did. They filed a motion in this court seeking to modify the Protective Order so they could discover what Cox said in his deposition in this case. Goodyear opposed Intervenors' motion and further sought to hold Ricciardulli in contempt for violating the Protective Order and enjoin him from further discussing Cox's deposition testimony. Ricciardulli filed an opposition to the motion to hold him in contempt, arguing that the parties stipulated to the protection of trade secrets and proprietary business information, never agreed that Cox's deposition testimony would be categorized as such, and that the plain language of the Protective Order does not protect Cox's testimonial admission of Goodyear's liability. (*Ricciardulli's Opposition*, 7-9.)

### DISCUSSION

*1.     Legal Standard*

In a civil contempt proceeding, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). A court may exercise its civil contempt power for one or both of two purposes: "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). A party may be held in contempt even if its conduct was not willful.

*Reno Air Racing Ass'n v. McCord*, 452 F.3d 1156, 1130 (9th Cir. 2006) (citations omitted). There is no good faith exception to the requirement of obedience to a court order. *Go-Video v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993). However, substantial compliance is a defense to an action for civil contempt. *Balla v. Idahoe State Board of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). Thus, once it has been demonstrated that a party has violated a specific and definite court order, the burden shifts to the party sought to be held in contempt to prove that it "took all reasonable steps within [its] power to insure compliance." *Hook v. Arizona Dep't of Corrections*, 107 F.3d 1397 (9th Cir. 1997) (*citing Sekaquaptewa v. MacDonald*, 544 F.2d 396, 403-404 (9th Cir. 1976)). Where a party has taken all reasonable steps to comply with an order, technical or inadvertent violations will not support a finding of civil contempt. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

### 2. *Analysis*

On January 28, 2008, this Court denied Intervenors' motion to modify the Protective Order as moot, finding that the deposition testimony at issue did not contain confidential information and was not subject to the terms of this Court's Protective Order. (*See January 28, 2008 Order*, Doc. No. 65.) The facts and rationale set forth in that Order are hereby incorporated by reference as grounds for this Court's recommendation that Presiding District Judge Rudi M. Brewster deny Goodyear's motion to hold Attorney Guy Ricciardelli in contempt for violating the Protective Order and to enjoin him from further discussing Cox's deposition testimony. In brief, in its previous ruling, this Court found that (1) Goodyear failed to carry its burden to show that it designated the entire Cox deposition or any portion of the Cox deposition as confidential pursuant to the terms of the Protective Order (*Id*. at 7-12), (2) Goodyear destroyed any evidence that confidential trade secret or other proprietary documents were in fact used or relied upon by Cox while testifying (*Id*. at 9-11), (3) Goodyear failed to produce any evidence that Cox's testimony should necessarily be considered proprietary because of his high level position with the company (*Id*. at 11.). Because Goodyear failed to establish that Cox's testimony was protected under the terms of this Court's June 13, 2003 Protective Order [Doc. No. 22], Attorney Ricciardulli cannot be held in contempt for having disclosed that testimony to Attorney Casey.

///

## CONCLUSION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Goodyear's Motion for Issuance of an Order to Show Cause As to Why Plaintiffs' Counsel Guy Ricciardulli Should Not Be Found in Contempt for Violation of Protective Order and For Injunction Prohibiting Further Disclosure [Doc. No. 26] be **DENIED**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(e) to the United States District Judge assigned to this case. *No later than February 15, 2008*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties *no later than February 22, 2008*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: February 1, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge