1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  HAROLD J. PHILLIPS and GEORG-ANNE )   CASE NO: 02 CV 1642 B (NLS)
    PHILLIPS,                         )
12                                    )   **ORDER DENYING DEFENDANT'S**
                      Plaintiffs,     )   **OBJECTIONS TO MAGISTRATE**
13                                    )   **JUDGE'S ORDER DENYING AS**
    and                               )   **MOOT INTERVENORS' MOTION**
14                                    )   **TO MODIFY PROTECTIVE**
                                      )   **ORDER; AND, IN THE**
15  LEROY HAEGER, KORI D. HALEY, et al., )  **ALTERNATIVE ONLY, DENYING**
                                      )   **DEFENDANT'S OBJECTIONS TO**
16                Intervening Plaintiffs, )  **MAGISTRATE JUDGE'S ORDER**
                                      )   **GRANTING INTERVENORS'**
17                                    )   **MOTION TO MODIFY**
    v.                                )   **PROTECTIVE ORDER TO**
18                                    )   **REMOVE CONFIDENTIALITY**
    THE GOODYEAR TIRE & RUBBER        )   **COVERAGE AS TO CERTAIN**
19  COMPANY, an Ohio Corporation,     )   **TESTIMONY BY KIM COX**
                                      )
20                    Defendant.      )   [Docket Nos. 27-2, 65, & 78]

21          In October 2007, the Court permitted Intervening Plaintiffs in collateral

22  litigation to intervene in this closed case for the purpose of seeking a modification of

23  the June 2003 Protective Order pertaining to a deposition of an employee of

24  Defendant Goodyear Tire & Rubber Company.[1]  On January 28, 2008, the Magistrate

25  _____

26          [1]The moving parties include Leroy Haeger (D. Arizona), Kori Haley (Arizona state
    court), Margaret Bogaert (Arizona state court), Billy Woods (Alabama state court),
27  Joseph Anton (S.D. Texas), and John Schalmo (Florida state court).  Hereinafter
28  "Intervening Plaintiffs."

                                      1                                    02cv1642

1  Judge denied as moot the motion to modify the Protective Order (Sealed Doc. No. 65).
2  Goodyear filed timely objections to the Magistrate Judge's findings and conclusions
3  that the June 2003 deposition was not covered by the Protective Order and that no
4  good cause existed for its continued protection.  Intervening Plaintiffs filed a response
5  and Defendant Goodyear filed a reply brief.

6  <center>Standard of Review</center>

7          When a party objects to a magistrate judge's non-dispositive order, the district
8  court may set aside or modify any portion of that is "clearly erroneous or contrary to
9  law."  Fed. R. Civ. P. 72(a); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir.
10  1990).

11  <center>Burden of Proof</center>

12          When an intervening party challenges the contention that discovery documents
13  belong under seal, "the collateral litigant must demonstrate the relevance of the
14  protected discovery to the collateral proceedings and its general discoverability
15  therein."  *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir.
16  2003).

17          Once relevance has been shown, "the district court must require [the opposing
18  party] to make an actual showing of good cause for their continuing protection under
19  Federal Rule of Civil Procedure 26(c)."  *Foltz*, 331 F.3d at 1131; *Beckman Indus., Inc.*
20  *v. Int'al Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (adopting Rule 26(c) approach
21  that places burden on the party *opposing* modification to show "good cause" for
22  continued protection).

23          In addition, the court "must weigh the countervailing reliance interest of the
24  party opposing modification against the policy of avoiding duplicative discovery."
25  *Foltz*, 331 F.3d at 1133.

26  <center>Factual Background</center>

27          In 2002, Plaintiffs Harold and Georg-Anne Phillips filed this tort action against
28  Defendant Goodyear.  They alleged personal injuries and property damages resulting

<center>2</center>

1    from an accident when the Goodyear "G159" Unisteel tire's tread separated, causing a

2    loss of control of their motor home.  Plaintiffs alleged the tire was defective and that

3    Goodyear knew this model tire was not safe for motor homes.

4         On June 19, 2003, Plaintiffs commenced a deposition of a Goodyear employee,

5    Kim Cox.  During that deposition, Cox allegedly testified that the G159 tire was

6    defective for use on a motor home or some similar statement or opinion.  At that point,

7    the deposition was interrupted and the parties discussed settlement.  The court reporter

8    had her stenographer's notes of the incomplete deposition, but never made a transcript.

9         A few days before the Cox deposition commenced, the parties stipulated to a

10   Protective Order to govern the production of "documents and information that

11   Goodyear believes to be proprietary and confidential."  Protective Order at p. 1, lines

12   19-20 (filed June 16, 2003).  By the terms of the Protective Order, the attorney for the

13   Plaintiffs, Guy Ricciardulli, Esq., was prohibited from communicating in any manner

14   information contained in "designated documents" because the information was solely

15   for use in this case.  *Id.* p.3, § II, ¶ 1, lines 10-11.  Deposition testimony was included.

16   *Id.* p. 4, § II, ¶ 3.  The Protective Order further provided that Goodyear could destroy

17   confidential documents sixty days after the case concluded.  *Id.* p. 8, § II, ¶ 11.

18        After proceeding to mediation, the Phillips case was settled and dismissed in

19   October 2003.  [# 24]

20        In the interim, Goodyear's attorney, John McCormick, Esq., contacted the court

21   reporter and asked her to send her "original and all copies of [her] notes and

22   transcription" of the Cox deposition for destruction.  McCormick Decl. Ex. B (letter

23   dated August 19, 2003).  Ricciardulli signed that letter as "agreed to per stipulation."

24   *Id.*  The court reporter complied and sent the notes and exhibits of the deposition to

25   McCormick.  She confirmed that the Cox deposition had not been transcribed.

26   McCormick destroyed the reporter's notes.  None of the notes or oral testimony from

27   the deposition was ever designated as confidential information to be included within

28   the Protective Order.  *See* Protective Order p.1, § I, ¶ A, B & p.3-4, § II, ¶ 1, 3.

1    Some years later, Timothy Casey, Esq., an attorney for Plaintiffs in a District of
2    Arizona action that is based upon allegations that the same model of tire was defective
3    for use in a motor home, contacted Ricciardulli.  Ricciardulli allegedly told Casey that
4    Cox had testified in his deposition that Goodyear's tire was defective when used on
5    motor homes.

6    Upon learning of the conversation, Goodyear sought sanctions for contempt
7    against Ricciardulli for disclosing confidential information in violation of the
8    Protective Order.[2]  Soon thereafter, the plaintiffs in five collateral litigations against
9    Goodyear sought leave to intervene for the purpose of modifying the Protective Order
10   relative to Cox's alleged statement that the model tire was defective when used on
11   motor homes.

12   The Magistrate Judge, after briefing and oral argument, entered the Order
13   which is the subject of Goodyear's objections before this Court.

14                          Summary of Conclusions

15   1.  The Magistrate Court correctly interpreted the Protective Order regarding
16   Goodyear's obligation to designate Cox's deposition testimony as confidential.
17   Goodyear failed to present evidence that it certified all or any part of Cox's
18   untranscribed and unfinished testimony as "proprietary and confidential."

19   2.  As to the alternative holding, the Court affirms the Magistrate Court's
20   alternative Order to modify the Protective Order to remove from the Protective Order
21   Cox's deposition testimony regarding the fitness or safety of the G159 tire for use on
22   motor homes, including any witness to or evidence of such testimony by Cox.

23   / / /
24   / / /
25   / / /

26   _____

27   [2]The Magistrate Judge issued a Report and Recommendation on Goodyear's
     motion for sanctions for contempt against Ricciardulli.  The Court today issues a separate
28   Order on that matter.

<u>Analysis</u>

1. <u>Confidential Matters Covered by Protective Order Must Be Designated</u>

The Court affirms the primary holding of the Magistrate Court's Order that interpreted the scope and duties of Goodyear under its Protective Order. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (interpretation of terms of stipulation between parties is subject to de novo review). Because Goodyear drafted the Protective Order to exempt documents from the public record, the Court construes the terms narrowly so as to enforce the general presumption of public access. *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). While it is true that the deposition was not transcribed to permit the legend in red ink contemplated by § II, ¶ 3 of the Protective Order, Goodyear has not provided evidence of any stipulation or certification that the content of the Cox deposition must not be divulged.[3] As the Magistrate Court observed, Goodyear bears the hardship of its decision to destroy not only the court reporter's notes but any evidence, if any existed, that the parties had stipulated that it be designated as "confidential." Ricciardulli denies any such stipulation was made.

2. <u>No Good Cause to Continue Protection of Cox Deposition on Defective Tire</u>

The Court affirms the Magistrate Court's alternative ruling that the Protective Order can be modified to allow the Intervening Plaintiffs access to Cox's alleged testimony that the G159 tire is defective when used on motor homes. *Olympic Refining*, 332 F.2d at 264 (protective orders are "subject to modification to meet the

---

[3]McCormick, counsel for Goodyear, did obtain Ricciardulli's stipulation that the court reporter return her notes to him for destruction. Ex. to McCormick Decl. In Goodyear's Opposition to Intervenors' Motion to Modify Protective Order at 3, it states: "Pursuant to Federal Rule 30(f)(2), the parties to a matter may agree to relieve the court reporter of his/her responsibility for retaining notes of the deposition transcript. That is exactly what occurred here." No suggestion is made by Goodyear in this record that the notes were certified as "confidential and proprietary" as described in the Protective Order.

1 reasonable needs of other parties in other litigation").

2      The Intervening Plaintiffs have met their initial burden to show that Cox's

3 testimony is relevant to their collateral lawsuits.  *Foltz*, 331 F.3d at 1132.  The

4 pending lawsuits allege that the same Goodyear tire model is defective when used on

5 motor homes.  This information is highly relevant.  It is also likely to be discoverable,

6 either as a possible admission by Goodyear or, if there is contrary testimony at trial, as

7 impeachment.  *Id.*  Certainly such discovery would have an effect of reducing

8 necessary pre-trial discovery in the collateral litigation.

9      The Magistrate Court correctly held that Goodyear had not met its burden to

10 show good cause why the Cox deposition should be sealed.  All of the important

11 public policies favor transparency.  *See generally Foltz*, 331 F.3d at 1131-33 (citing

12 *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 654 (D. MD. 1987) (sharing discovery

13 "particularly appropriate" when multiple plaintiffs assert same wrong against national

14 manufacturer of a consumer product)).

15      First, *if* the Phillips case had been tried to a jury, Cox's alleged testimony

16 potentially would have been admissible in open court, either as a possible admission

17 that the tire is defective for use on motor homes, or if he testified in a contradictory

18 manner, for impeachment purposes.  The availability of that testimony should not be

19 any different when the attorney has destroyed the written record than if it had been

20 admitted on the record during a public trial.[4]

21      Second, if the Court were to continue to protect Cox's alleged opinion, it would

22 create a potential for subornation of inconsistent testimony by Cox, which could not

23 be illuminated by potentially impeaching evidence from his June 2003 deposition.

24 _____

25     [4]Moreover, though the parties did not clearly establish such documents would be
made available to the public, the federal statutes and regulations on transportation safety
26 require manufacturers to report defective tires to the Secretary of Transportation.  49
U.S.C. § 30118(c)(1); 49 C.F.R. § 576.  The Court discerns no reason why a failure to
27 comply with that statute should be grounds to conceal the report of a defect in later
28 litigation.

That possibility of mischief is not in the interest of justice in a court of law and does not commend protecting the information.

Third, Goodyear has not identified any public policy that supports the perpetuation of secrecy of a Goodyear employee's testimony concerning a possibly defective tire in certain usages.  Nothing commends the concealment from a trier of fact of evidence bearing on the issue of defect in suits for personal injury to other members of the public.  It would be repugnant to the public policy of protecting the health and safety of the public.

Finally, "the collateral courts may freely control the discovery processes" as to whether the material requires protection in those proceedings.  *Foltz*, 331 F.3d at 1132-33; *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-66 (9th Cir. 1964) (district court can control the right of access, but is not authorized "to protect trade secret and sensitive competitive information *from such disclosure as is relevant to the subject matter involved in a pending litigation*" because other litigants in similar cases are "entitled to know" what the same defendant said about the same matter) (emphasis added).  For example, to the extent that Cox's testimony dealt with any proprietary or trade secret information regarding claims handling, the issue of admissibility might be a closer question, but this Order is limited to testimony, if any, given by Cox regarding possible defect in the design or manufacture of the "G159" Unisteel tire when used with certain motor homes.  *Beckman*, 966 F.2d at 475-76.  Here, the Order does not concern technical, patent, or financial information but only the alleged defect of the tire under certain usage conditions.

3.  Miscellaneous Matters

The Court rejects Goodyear's remaining objections.  28 U.S.C. § 636 (b)(3) (a magistrate judge may be assigned additional duties).

(a)  Dismissal of Intervening Plaintiff Anton

In December 2007, Intervening Plaintiff Anton electronically filed a document entitled "notice of settlement and stipulation to dismiss the action between settled

1   parties."  That document states that Anton and Goodyear agreed to a form of dismissal

2   order "which accompanies this Stipulation."  However, there was no such attachment.

3   Although court staff contacted Anton's counsel on four occasions to request a

4   proposed order for the Court to sign, Anton has not submitted a proposed order.

5   Accordingly, on or before March 28, 2008, Anton shall submit a proposed order of

6   dismissal to the undersigned's official email address,[5] preferably in Word Perfect

7   format, in compliance with this Court's Electronic Case Filing Administrative Policies

8   and Procedures § 2(h).

9                    (b)  <u>Sealed Documents</u>

10      As a final housekeeping matter, the Magistrate Judge had permitted the parties

11  to file certain motions, declarations, and exhibits under seal during the proceedings on

12  the merits of the motions.  [# 29]  Because Goodyear stated that it would file

13  objections, the Magistrate Judge ordered the relevant documents to remain sealed

14  pending review by this Court.  [# 67]  The Magistrate Judge also sealed the transcript

15  of the argument on the motions and her Orders.  [# 69]  The Court maintained the seal

16  on the underlying documents pending its review.  [# 75]

17      As the Court has completed its review, these documents need not be sealed any

18  longer.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

19  The documents contain the arguments of counsel, declarations by attorneys concerning

20  their memory as to the scope of the protective order, and factual recitations of

21  conversations regarding allegations of the topics on which Cox may or may not have

22  testified at his May 2003 deposition, but they do not contain confidential information.

23  Accordingly, the Court unseals those motions, exhibits, declarations, transcript, and

24  orders.

25  / / /

26

27  _____

28      [5]efile_brewster@casd.uscourts.gov

<div align="center">

<u>Conclusion</u>

</div>

1. The Court denies Defendant's objections to the Magistrate Judge's Order Denying as Moot Intervenors' Motion to Modify the Protective Order. [# 27-2, 65 & 78]

2. The Court removes the seal from Docket Numbers 27, 37, 45, 48, 51, 53, 65, 68 and the transcript of the January 11, 2008 hearing.

3. Intervening Plaintiff Anton shall submit a proposed order of dismissal by March 28, 2008.

IT IS SO ORDERED.

DATED:  March 18, 2008

Hon. Rudi M. Brewster
United States Senior District Judge

cc:  all counsel
Magistrate Judge Stormes

02cv1642